

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2009

# USA v. Juan Flores-Barahona

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3718

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Juan Flores-Barahona" (2009). *2009 Decisions*. Paper 1985.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1985

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3718

UNITED STATES OF AMERICA

v.

JUAN FRANCISCO FLORES-BARAHONA,

Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim. No. 06-cr-00142)
District Judge:  The Honorable Joseph J. Farnan, Jr.

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2009

Before: SLOVITER, BARRY, and SILER, JR.,[*] Circuit Judges

(Opinion Filed: January 27, 2009)

OPINION

_____

[*]  The Honorable Eugene E. Siler, Jr., Senior Circuit Judge, United States Court of
Appeals for the Sixth Circuit, sitting by designation.

BARRY, <u>Circuit Judge</u>

Appellant Juan Francisco Flores-Barahona pled guilty to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. The District Court sentenced him to 33 months imprisonment. Flores-Barahona filed this timely appeal, and his counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Flores-Barahona also filed a supplemental *pro se* brief, raising issues essentially identical to the ones identified in counsel's *Anders* brief. We will affirm Flores-Barahona's sentence, and grant his counsel's motion to withdraw.

## I.

In May 2001, Flores-Barahona was deported to his native country of El Salvador. He re-entered the United States in November 2003 for the purpose of seeing his children, and was indicted in the District of Delaware in December 2006 for illegal re-entry. In May 2007, he pled guilty to that charge. At sentencing, the District Court imposed an eight-level upward enhancement because Flores-Barahona had been previously deported as a result of his conviction for an aggravated felony and a three-level reduction for acceptance of responsibility. Flores-Barahona's advisory Guidelines range was 33-41 months, and the Court sentenced him to the bottom of that range.

## II.

Third Circuit Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of

even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." When we are faced with such a motion and supporting brief, we must consider both whether counsel has "adequately fulfilled the rule's requirements" and whether our own "independent review of the record presents any nonfrivolous issues" for appeal. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

## III.

In her brief, Flores-Barahona's counsel identifies two potential issues for appeal, but concludes that both are frivolous. The first is whether the District Court correctly granted an eight-level enhancement in light of Flores-Barahona's prior deportation for having committed an aggravated felony. *See* 8 U.S.C. § 1326(b)(2); U.S.S.G. § 2L1.2(b)(1). There was no error.

Under the applicable federal law, an aggravated felony includes a "crime of violence" which carries with it a term of imprisonment of at least one year. 8 U.S.C. § 1101(a)(43)(F). Flores-Barahona's underlying conviction in Utah for attempted aggravated assault constitutes a crime of violence.[1] In this context, where the federal criminal law explicitly defines what constitutes an aggravated felony, it is simply irrelevant that Utah chooses to refer to the crime as a misdemeanor. *Compare United*

---

[1] In Utah, an aggravated assault involves the threat or use of force that is intended to cause, or is likely to produce, serious bodily injury. *See* Utah Code Ann. 1953 § 76-5-103 (defining aggravated assault); *see also id.* § 76-5-102 (defining assault).

*States v. Graham*, 169 F.3d 787, 792-93 (3d Cir. 1999) *with Francis v. Reno*, 269 F.3d 162 (3d Cir. 2001). Additionally, Flores-Barahona was sentenced to 365 days imprisonment, which satisfies the requirement that the underlying crime carry with it a sentence of at least one year.[2]

The second issue identified by counsel is whether the sentence imposed was reasonable. We find that it was. The Court properly calculated the Guidelines range, and carefully considered the relevant 18 U.S.C. § 3553(a) factors.

**IV.**

We are more than satisfied that counsel has thoroughly reviewed the record and found no non-frivolous issues for appeal. Accordingly, we will affirm the judgment of sentence, and grant counsel's motion to withdraw.

---

[2] The fact that Flores-Barahona's sentence was suspended is of no consequence. *See* 8 U.S.C. § 1101(a)(48)(B) (providing that the point of reference is the "period of incarceration or confinement *ordered . . . regardless of any suspension* of the imposition or execution of that imprisonment or sentence") (emphasis added).